**FILED**
**JANUARY 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lenox Group, Inc. (f/k/a Department 56, Inc.,) ) | |
| ) | |
| Plaintiff, ) | **08 C 294** |
| ) | |
| v.                                    ) No.: | |
| ) | |
| Just Ducky Ltd.; Beverly Donofrio; Darren ) Judge | **JUDGE ZAGEL** |
| Donofrio; Lori Donofrio; and Brandon Donofrio, ) | **MAGISTRATE JUDGE COX** |
| ) | |
| Defendants.    ) | |
| ) | |
| ) | |

# COMPLAINT

Lenox Group, Inc., f/k/a Department 56, Inc. ("D56"), for its complaint against Just Ducky Ltd., ("Just Ducky"), Beverly Donofrio, Darren Donofrio, Brandon Donofrio, and Lori Donofrio, states as follows:

### I.     PARTIES, JURISDICTION AND VENUE

1.     D56 is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 6436 City West Parkway, Eden Prairie, Minnesota 55344. D56 is a supplier of decorative giftware and home accessory items, including the Village and Christmas lines of collectible, handcrafted, lighted, ceramic and porcelain houses, buildings and related accessories that depict nostalgic scenes.

2.     Just Ducky is an Illinois corporation with its principal place of business at 7511 Lemont Road, Darien, Illinois. Just Ducky operates retail stores in Darien, Naperville and Bolingbrook, Illinois from which it sells giftware, home accessory items, and novelties.

3.     Beverly Donofrio is or was the president of Just Ducky. She is a citizen of the State of Illinois who resides in this judicial district.

4. Darren Donofrio is or was a vice-president of Just Ducky. He is a citizen of the State of Illinois who resides in this judicial district.

5. Lori Donofrio is or was a vice-president of Just Ducky. She is a citizen of the State of Illinois who resides in this judicial district.

6. Brandon Donofrio is or was a vice-president of Just Ducky. He is a citizen of the State of Illinois who resides in this judicial district.

7. This Court has original jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1332(a)(i) because this is a dispute between citizens of different states and the matter in controversy exceeds, exclusive of costs and interest, the sum or value of $75,000.

8. The United States District Court for the Northern District of Illinois is the proper venue for this action pursuant to 28 U.S.C. §1391(a) because all of the defendants reside in this district and a substantial portion of the events giving rise to the claim took place in this district.

## II.   GENERAL ALLEGATIONS

9. D56 has supplied Just Ducky with substantial quantities of decorative giftware and home accessory items over the years, including D56's Village and Christmas lines of collectible giftware. Just Ducky has resold the products that D56 supplied to it through one or more of Just Ducky's retail outlets.

10. Just Ducky has failed to pay D56 for products that D56 supplied to Just Ducky. Specifically, at this time, Just Ducky owes D56 at least $385,000. This amount is all due in connection with decorative giftware and home accessory items that Just Ducky ordered from D56, which D56 delivered, and which Just Ducky has put up for resale at its retail store(s). Just Ducky has refused to pay, and continues to refuse to pay, the amount due of at least $385,000.

2

11. On or about August 8, 2002, Beverly Donofrio, Darren Donofrio, Lori Donofrio, and Brandon Donofrio (the "Donofrios") each executed a personal guaranty in which they each separately guaranteed any obligation of Just Ducky and to pay on demand any sum which may become due to D56 by Just Ducky whenever Just Ducky fails to pay D56. According to the terms of each guaranty, the Donofrios also each separately agreed to pay all costs and expenses of collection, including reasonable attorney fees. Copies of these guarantees are contained in Attachment A.

12. Despite their respective and separate guarantees, each of the Donofrios has refused to pay, and continues to refuse to pay, the amount due from Just Ducky to D56 of at least $385,000.

### III. CAUSES OF ACTION

#### COUNT I
**(Against Just Ducky for Breach of Contract)**

13. D56 restates the allegations contained in paragraphs 1 – 12 above as if set forth in full in this paragraph.

14. Just Ducky has contracted with D56 for the supply of substantial quantities of decorative giftware and home accessory items. Just Ducky has breached this contract by failing to pay D56 for the goods that D56 supplied to Just Ducky.

15. As a direct result of Just Ducky's breach of contract, D56 has been damaged in an amount to be proved at trial, which shall be no less than $385,000.

#### COUNT II
**(Against Beverly Donofrio for Breach of Personal Guaranty)**

16. D56 restates the allegations contained in Paragraphs 1 – 15 above as if set forth in full in this paragraph.

3

17. Beverly Donofrio provided her personal guaranty to pay all indebtedness of Just Ducky owed to D56. Beverly Donofrio has breached her guarantee.

18. As a direct result of Beverly Donofrio's breach of her guarantee, D56 has been damaged in an amount to be proved at trial, which shall be no less than $385,000.

## COUNT III
### (Against Darren Donofrio for Breach of Personal Guaranty)

19. D56 restates the allegations contained in Paragraphs 1 – 15 above as if set forth in full in this paragraph.

20. Darren Donofrio provided his personal guaranty to pay all indebtedness of Just Ducky owed to D56. Darren Donofrio has breached his guarantee.

21. As a direct result of Darren Donofrio's breach of his guarantee, D56 has been damaged in an amount to be proved at trial, which shall be no less than $385,000.

## COUNT IV
### (Against Lori Donofrio for Breach of Personal Guaranty)

22. D56 restates the allegations contained in Paragraphs 1 – 15 above as if set forth in full in this paragraph.

23. Lori Donofrio provided her personal guaranty to pay all indebtedness of Just Ducky owed to D56. Lori Donofrio has breached her guarantee.

24. As a direct result of Lori Donofrio's breach of her guarantee, D56 has been damaged in an amount to be proved at trial, which shall be no less than $385,000.

## COUNT V
### (Against Brandon Donofrio for Breach of Personal Guaranty)

25. D56 restates the allegations contained in Paragraphs 1 – 15 above as if set forth in full in this paragraph.

26. Brandon Donofrio provided his personal guaranty to pay all indebtedness of Just

Ducky owed to D56. Brandon Donofrio has breached his guarantee.

27. As a direct result of Brandon Donofrio's breach of his guarantee, D56 has been damaged in an amount to be proved at trial, which shall be no less than $385,000.

**WHEREFORE**, Plaintiff D56 respectfully requests that this Court enter judgment in its favor and against Defendants Just Ducky, Beverly Donofrio, Darren Donofrio, Lori Donofrio and Brandon Donofrio and enter an order granting the following relief:

A. Award D56 all damages allowed under law in an amount to be proved at trial;

B. Award D56 its attorneys' fees, as provided in the respective guarantees of the Donofrios;

C. Award all pre-judgment interest, post-judgment interest, attorney's fees and costs allowed under law; and

D. Award D56 other relief that the Court deems just and proper.

Dated: January 14, 2008				Respectfully submitted,

*/s/ William Booth*
Andrew G. Klevorn
William S. Booth
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
(312) 692-1718 (Fax)

ATTORNEY FOR LENOX GROUP, INC., (f/k/a) DEPARTMENT 56, INC.)

5