**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

MAR 2 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Lenox Group, Inc. (f/k/a Department 56, Inc.,) ) | |
| ) | |
| Plaintiff, ) | No. 08 C 294 |
| ) | |
| vs. ) | Judge Zagel |
| ) | |
| Beverly Donofrio; Darren Donofrio; Lori ) | |
| Donofrio; and Brandon Donofrio, ) | |
| ) | |
| Defendants. ) | |

MAR 2 5 2008

## ANSWER AND AFFIRMATIVE DEFENSES

Beverly Donofrio; Darren Donofrio; Lori Donofrio; and Brandon Donofrio, for its answer to Lenox Group, Inc., f/k/a Department 56, Inc. ("D56"), states as follows:

## ANSWER

### I.  PARTIES, JURISDICTION AND VENUE

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

1

3

6. Defendants admit that Brandon Donofrio is or was a vice-president of Just Ducky and deny that he is a citizen of the State of Illinois who resides in this judicial district

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## II.   GENERAL ALLEGATIONS

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## III.   CAUSES OF ACTION

### COUNT I

13. Defendants restate their answers contained in paragraphs 1 – 12 above as if set forth in full in this paragraph.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## COUNT II

16. Defendants restate their answers contained in paragraphs 1 – 15 above as if set forth in full in this paragraph.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

## COUNT III

19. Defendants restate their answers contained in Paragraphs 1 – 15 above as if set forth in full in this paragraph.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT IV

22. Defendants restate their answers contained in Paragraph 1 – 15 above as if set forth in full in this paragraph.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## COUNT V

25. Defendants restate their answers contained in Paragraphs 1 – 15 above as if set forth in full in this paragraph.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

WHEREFORE, Defendants, Beverly Donofrio; Darren Donofrio; Lori Donofrio; and Brandon Donofrio, respectfully request that this court enter judgment in its favor against Plaintiff and enter an order granting the following relief:

A. Dismiss Plaintiff's complaint in its entirety;

B. Deny D56's claims for all damages against defendants;

C. Award Defendants their attorneys fees incurred for defending this action.

D. Award Defendants other relief that the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### I. FRAUD

28. Defendants assert that Plaintiff's action against them is barred in that the allegations contained in its Complaint are fraudulent.

29. Defendant asserts that Plaintiff's Complaint is based in large part on the purported existence of notarized personal guarantees allegedly executed by each Defendant, and that without the existence of these

4

alleged notarized personal guarantees, Plaintiff would have no viable cause of action against Defendants as individuals.

30. Defendant's assert that not one of them ever signed any document or otherwise entered into any agreement with Plaintiff of any kind with a notary public present.

31. Defendant's further assert that they never agreed to have any document or agreement subsequently notarized and that no documents or agreements with Plaintiff were notarized with their knowledge and/or permission.

32. Defendant's assert that not one of them has any recollection of ever signing and executing a personal guarantee with Plaintiff.

33. At least one Defendant, Beverly Donofrio, asserts that the signature on the notarized personal guarantee allegedly signed by her is not her signature.

34. Therefore, Defendants further assert that the notarized personal guarantees produced by Plaintiff and attached as exhibits to its Complaint are fraudulent documents and cannot be used as evidence in this matter.

### I. DURESS/COERSION

35. Defendants assert that if indeed any personal guarantees were signed by any one of them it was done while they were in a state of duress.

36. Defendants assert that not one of them has any recollection of ever signing and executing a personal guarantee with Plaintiff.

37. Defendants assert that Plaintiff knew that Defendants depended on the receipt of Plaintiff's products in order to maintain their business, particularly around high sales seasons, such as Christmas.

38. Defendants assert that they operated a small family run business that depended in large part on receiving supplies from larger companies such as Plaintiff.

39. Defendants assert that Plaintiff was well aware that it had substantial power over Defendants' ability to make sales and stay in business.

40. Defendants assert that on several occasions Plaintiff promised to deliver product to Defendants knowing that Defendants would rely on the delivery of the same and then at the last minute forced Defendants to sign documents on the spot without letting them review their content in order to receive product from Plaintiff.

41. Defendants assert that on these occasions they were left with no option but to sign the documents in order to receive their product and stay in business.

42. Defendants assert that Plaintiff's actions were coercive and were not consistent with normal business practices in their trade.

43. Defendants assert that if any personal guarantees in Plaintiff's possession do contain a genuine signature of one of the Defendants, there is no question that it was signed during a state of duress and because of Plaintiff's coercive tactics.

44. Therefore, Defendants further assert that even if the notarized personal guarantees produced by Plaintiff and attached as exhibits to its Complaint are genuine, they are invalid as they were obtained while Defendants were in a state of duress which was deliberately caused by Plaintiff and cannot be used as evidence in this matter.

Dated: March 24, 2008                Respectfully submitted,

_____
Eric G. Zelazny
Eric Zelazny + Associates, P.C.
116 North Chicago Street, Suite 302
Joliet, Illinois 60616
(815) 774-9717
ATTORNEY FOR BEVERLY DONOFRIO,
DARREN DONOFRIO, LORI DONOFRIO, AND
BRANDON DONOFRIO