# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lenox Group, Inc. (f/k/a Department 56, Inc.,)<br><br>Plaintiff,<br><br>v.<br><br>Just Ducky Ltd.; Beverly Donofrio; Darren Donofrio; Lori Donofrio; and Brandon Donofrio,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08 C 294<br><br>Hon James B. Zagel |

## LENOX GROUP, INC.'S RULE 12(F) MOTION
## TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

Lenox Group, Inc., f/k/a Department 56, Inc. ("D56"), by and through its attorneys, respectfully requests that this Court enter an order under Federal Rule of Civil Procedure Rule 12(f) striking Defendants Affirmative Defenses. In support of this motion, D56 hereby incorporates the *Memorandum In Support of Lenox Group Inc.'s Rule 12(f) Motion to Strike Defendants' Affirmative Defenses* ("D56's Mem. at Law"), filed herewith, and further states as follows:

1.     In their First Affirmative Defense (fraud), Defendants allege that the personal guarantees D56 attached to the Complaint are "fraudulent documents," but Defendants do not allege even the conclusion that D56 perpetrated a fraud on them. Accordingly, Defendants' First Affirmative Defense must be stricken for failing to allege fraud with the particularity required under Rule 9(b). *See* D56's Mem. of Law, Section I.[1]

2.     In their Second Affirmative Defense (duress/coercion), Defendants allege that even if the signatures on the personal guarantees are authentic, they were signed under duress.

---

[1] To the extent that Defendants did not intend their First Affirmative Defense as an actual claim of fraud against D56, but merely intend to put D56 on notice of their defense that the personal guarantees are not authentic, Defendants' First Affirmative Defense should nonetheless be stricken as redundant. *See* D56's Mem. of Law, Section I, fn 1.

However, Defendants have not alleged that execution of the personal guarantees was the result of any wrongful or unlawful act by D56.  Indeed, even if Defendants' allegations are taken as true, at most they have alleged that D56, through mere hard bargaining, invoked its lawful right to seek assurance that it would be paid for its products, which, as a matter of law, does not constitute economic duress.  Therefore, Defendants' Second Affirmative Defense must also be stricken for failure to allege facts sufficient to support the affirmative defense of duress/coercion. *See* D56's Mem. of Law, Section II.

WHEREFORE, Lenox Group, Inc., f/k/a Department 56, Inc., respectfully requests that this Court strike Defendants' Affirmative Defenses, and for such other relief as the Court deems just and proper.

Dated:  April 10, 2008                    Respectfully submitted,

                                          LENOX GROUP, INC.
                                          (f/k/a DEPARTMENT 56, INC.)

                                          By: ___/s/ William S. Booth_____
                                               One of Its Attorneys

                                          Andrew G. Klevorn (aklevorn@eimerstahl.com)
                                          William S. Booth (bbooth@eimerstahl.com)
                                          Eimer Stahl Klevorn & Solberg LLP
                                          224 S. Michigan Avenue, Suite 1100
                                          Chicago, IL 60604
                                          (312) 660-7600
                                          (312) 692-1718 (Fax)

                                          ATTORNEYS FOR LENOX GROUP, INC., (f/k/a
                                          DEPARTMENT 56, INC.)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2008, I electronically transmitted the foregoing Notice of Filing and this Certificate of Service for Lenox Group, Inc.'s Rule 12(f) Motion to Strike Defendants' Affirmative Defenses and Memorandum of Law in Support of same to the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the parties below, and that I also served copies of Lenox Group, Inc.'s Rule 12(f) Motion to Strike Defendants' Affirmative Defenses, Memorandum of Law in Support of same, and this Notice of Motion on the parties below by depositing the same in the U.S. mail at 224 South Michigan Avenue, Chicago, Illinois by 5:00 p.m. on April 10, 2008, with proper postage prepaid, and that a copy of the same was also sent via facsimile to:

<u>**Defendants' Counsel of Record**</u>
Eric G. Zalazny
Zalazny & Associates, P.C.
116 N. Chicago Street, Suite 302
Joliet, Illinois 60432
(815) 774-9717
(815) 774-9720 (fax)



      /s/  *William S. Booth*
      William S. Booth