UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Lenox Group, Inc. (f/k/a Department 56, Inc.),

    Plaintiff,

v.

Just Ducky Ltd., Beverly Donofrio, Darren Donofrio, Lori Donofrio, and Brandon Donofrio,

    Defendants.

No. 08 C 294
Judge James B. Zagel

# MEMORANDUM OPINION AND ORDER

Plaintiff, Lenox Group, Inc. ("Lenox"), filed its complaint against Defendants alleging that Just Ducky breached its contract by failing to pay for supplied goods, and that Defendants Beverly Donofrio, Darren Donofrio, Lori Donofrio and Brandon Donofrio (collectively "Donofrio Defendants") breached their personal guarantees to pay all indebtedness of Just Ducky. Plaintiff now moves for summary judgment on all counts. For the following reasons, Plaintiff's motion is granted.

## I. STATEMENT OF FACTS

Plaintiff is a supplier of decorative giftwear and home accessory items. In 2006 the parties entered into an agreement executed by Lori Dorofrio called the Authorized Village Gold Key Dealer Agreement ("Dealer Agreement"). Under the terms of this agreement, Defendant Just Ducky was entitled to volume discounts on products purchased from Lenox. Additionally, the Dealer Agreement provided that Just Ducky was required to pay in full all prior year balances no later than December 31 each year. If Just Ducky failed to pay Lenox in full for all prior year

balances by December 31 each year, Lenox had the right to require Just Ducky to repay any Village Gold Key Dealer volume discounts Lenox had advanced Just Ducky, and apply finance charges to the unpaid balances.

From 2004 to 2007 Lenox supplied Just Ducky with decorative giftwear and home accessory items. Just Ducky has failed to pay Plaintiff for items supplied, and currently owes Lenox a total of $386,428.41.

Plaintiffs have presented this Court with personal guarantees from each of the Donofrio Defendants. According to the personal guarantee agreements presented to this Court, the undersigned agreed to pay on demand any sum which became due to Lenox if Just Ducky failed to pay. The agreements further state that the undersigned agreed to pay all costs and expenses of collection, including reasonable attorneys' fees. Defendants admit that the signature and seal of notary public Charlene Carter ("Carter"), along with the handwritten date of August 8, 2002 appears at the bottom, right-hand corner of each personal guarantee agreement. The Donofrio Defendants deny that they ever executed a personal guarantee.

At her November 21, 2008 deposition, Carter testified that on August 8, 2002 she was a notary in good standing with the State of Illinois. She further testified that the signature, notary seal and handwritten date of August 8, 2002 that appear at the bottom, right-hand corner of the personal guarantees are in fact her authentic signature, notary seal and handwriting.

The parties dispute whether the Donofrio Defendants executed personal guarantees. Carter testified that she did not have specific memory of the events of August 8, 2002. Also, while Carter testified that it was her practice to keep a log book detailing each notarization she

performed, she was unable to produce her log book to verify her services as to the Donofrio Defendants in this matter.

## II. STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in the nonmovant's favor. *Lesch v. Crown Cork & Seal Co.,* 282 F.3d 467, 471 (7th Cir. 2002). I will accept the nonmoving party's version of any

disputed fact only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir. 1996).

**III. DISCUSSION**

A. Plaintiff is Entitled to Summary Judgment on Count I.

No Defendant has disputed the fact that Just Ducky owed Plaintiff a total of $386,428.41. Plaintiff has presented copies of the overdue invoices, and Defendants have not disputed their authenticity, that the invoices were overdue, or the amount in question.

Because Defendants have presented no evidence to show that there is a genuine issue as to Defendant Just Ducky's breach of contract, Plaintiff's motion for summary judgment is granted as to count I.

B. Plaintiff is Entitled to Summary Judgment on Counts II-V.

The Donofrio Defendants argue that summary judgment must be denied as to counts II-V because there is a genuine issue as to the material fact of whether they executed personal guarantees. Indeed, there is no doubt that the authenticity of the personal guarantees is material to the adjudication of counts II-V. I do not, however, find that there is a genuine issue regarding the authenticity of the personal guarantees.

Defendants challenge the testimony of Carter arguing that : (1) she had no specific memory of the Donofrio Defendants asking her to execute the personal guarantees or executing them; and (2) despite her practice of keeping a log of all her notarizations, she could not produce such a log in regard to the Donofrio signatures.

"[A] notary public's certificate of acknowledgment, regular on its face, carries a strong presumption of validity." *Butler v. Encyclopedia Britannica, Inc.*, 41 F.3d 285, 294-95 (7th Cir.

1994). To overcome this presumption of validity, the signatory must present clear and convincing evidence from a disinterested witness to establish that the signature is false. *Id.* (internal citations omitted). Defendants have not met this burden.

First, Defendants argue that the absence of Carter's specific recollection of notarizing the signatures at issue creates a material issue of fact. As the Seventh Circuit explained, it is "rare" for a person to remember every encounter with another person. *Butler*, 41 F.3d at 295. It is for this reason that the presumption of validity exists as to a notary's certificate. *Id.* Accordingly, Carter's lack of specific recollection as to August 8, 2002 does not create a genuine issue as to the authenticity of the personal guarantees.

Next, Defendants similarly contend that because Carter was unable to locate a log entry for the Donofrio's signatures, the presumption of validity should be overcome. The Donofrio Defendants point to no legal authority regarding the maintenance of log books, and further ignore Carter's testimony that she believed the signatures and her seal to be authentic. Therefore, I find this assertion insufficient to overcome the presumption of validity as to the authenticity of the personal guarantees.[1]

Finally, I note that Local Rule 56.1 requires that "in the case of any disagreement [with the moving party's Rule 56.1 submission], specific references to the affidavits, parts of the record, and other supporting materials relied upon must be included in the nonmovant's response." L.R. 56.1(b)(3)(B). The Court does not consider unsupported statements of fact or

---

[1] I note that Carter explained that it was the policy of her former employer, State Bank of Countryside, to have notary publics maintain log books. Carter testified that she ended her employment with the bank on January 3, 2002 and that the log book was likely still in the bank's possession.

general 'denials' without references to the factual record as required by Local Rule 65.1(3). *Leibforth v. Belvidere Nat'l Bank*, 337 F.3d 931, 934, n.1 (7th Cir. 2003). Defendants deny Plaintiff's Local Rule 56.1 Statements as to Defendants' obligations under the personal guarantees. Their denials are supported with citations to the Complaint and Defendants' Answer to the Complaint. For purposes of a motion for summary judgment, citations to Defendants' Answer constitute the type of 'general denials' that this Court will not consider.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment on all five counts is granted. Plaintiff is awarded $386,428.41.

ENTER:

_James B. Zagel_
James B. Zagel
United States District Judge

DATE: April 29, 2010